**Larry FIFE, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary, Department of Health and Human Services, Defendant-Appellee.**

**No. 84–3700.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1984.

Decided Aug. 9, 1985.

Michael H. Hinman, Idaho Legal Aid Services, Inc., Twin Falls, Idaho, for plaintiff-appellant.

William Van Nole, Acting U.S. Atty., Boise, Idaho, and Daniel Vallejo Avila, Seattle, Wash., for defendant-appellee.

Before FERGUSON and NELSON, Circuit Judges, and JAMESON,* District Judge.

NELSON, Circuit Judge:

Larry Fife appeals the district court's decision granting summary judgment to the Secretary of Health and Human Services (the Secretary) on Fife's claim for social security benefits. Fife contends that: (1) the Administrative Law Judge's (ALJ) decision is not supported by substantial evidence; (2) the ALJ erred in applying the medical-vocational guidelines (the grids) in the presence of non-exertional impairments; and (3) the ALJ erred in rejecting uncontradicted medical testimony that he was disabled. We reverse.

Fife applied for social security disability benefits in November 1980, claiming dis-

---

* The Honorable William J. Jameson, Senior District Judge, District of Montana, sitting by designation.

ability based on physical and psychological impairments resulting from an auto accident in September 1980 which caused substantial injuries to his skull, leg, knee, and shoulder. He was 27 years old at the time of his hearing in March 1982, had graduated from high school and taken auto mechanics and other courses at Boise State University, and had worked at a variety of jobs including auto repair, dairy products delivery, box assembly, and as an enlistee in the Navy.

The ALJ denied benefits and the Appeals council affirmed. Fife appealed to the district court, which granted the Secretary's motion for summary judgment.

## I

### Substantial Evidence

In order to qualify for social security disability benefits, a claimant must establish that a medically determinable physical or mental impairment prevents him from engaging in substantial gainful activity. *Perry v. Heckler*, 722 F.2d 461, 464 (9th Cir.1983); 42 U.S.C. §§ 423(d)(1)(A) (1982). The impairment must result from abnormalities which are demonstrable by medically acceptable clinical or laboratory diagnostic techniques, 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C) (1982), and must be expected to result in death or to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

While the burden is on the claimant to establish disability, once the claimant demonstrates inability to return to past work because of medical disability, the burden shifts to the Secretary to show the claimant can perform substantial gainful work. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir.1984).

This court reviews the ALJ's decision to determine whether it is supported by substantial evidence in the record as a whole and is based on proper legal standards.

*Jones*, 760 F.2d at 995; *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984). 42 U.S.C. § 405(g) (1982). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Gallant*, 753 F.2d at 1453. In determining whether there is substantial evidence to support the ALJ's finding, the court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence. *Id.* at 1455; *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.1975).

The ALJ found that Fife had the residual functional capacity to perform sedentary work.[1]

The medical records show that Fife was hospitalized for 2½ months after the accident, and underwent brain surgery and treatment of a broken scapula and knee injuries. He later underwent a second skull operation to install a plate. While he was hospitalized, he was seen by a psychiatrist who diagnosed "a paranoid personality disorder" and "obvious paranoid projection." He was medicated with Stelazine, Thorazine and Valium. A later psychiatric report indicates a psychopathic personality with a high depression score on the MMPI test. The most recent psychiatric exam resulted in a diagnosis of reactive depression, passive aggressive personality, post head injury confusion and personality change, catastrophic psycho-social stressors, and a poor level of adaptive functioning.

Fife was still using crutches to walk in late March 1981, and had surgery on his right knee in late June 1981. He remained in a cast postoperatively until late September 1981. In late October 1981, a neurological report indicates that he was still having quite a bit of knee pain and some residual foot drop and that he had other significant residua of his accident including a mild to moderate left hemiparaesis which signifi-

---

1. Sedentary work involves not only sitting but often a certain amount of walking and standing as well as occasionally lifting and carrying articles weighing no more than 10 pounds. 20 C.F.R. § 404.1567(a).

cantly impaired the use of his left hand. Two doctors were of the opinion that Fife was unemployable.

After reviewing the numerous medical records indicating Fife's significant continuing physical and mental impairments, the ALJ concluded abruptly that Fife could perform sedentary work, relying only on a brief letter to Fife's rehabilitation counselor from the doctor who treated Fife's knee suggesting that "[m]aybe we can look into some sort of occupation where he can do a lot of sitting."

This casual and qualified statement does not constitute substantial evidence to support the ALJ's decision, particularly in light of a treating physician's report several months later stating that Fife's persisting medical problems made him "probably unemployable at this time." The ALJ similarly failed to give meaningful consideration to Fife's mental impairments as reflected in the medical reports.

The medical records indicate that Fife had significant disabling impairments through at least October 1981, more than twelve months after the September 1980 car accident. By applying the grids, the ALJ implicitly found that Fife had made a prima facie case of disability. *See* 20 C.F.R., Part 404 § 200.00(a). The Secretary has failed to rebut Fife's prima facie case by pointing to substantial gainful activity. *See Johnson v. Harris,* 625 F.2d 311, 312 (9th Cir.1980).

## II

### Application of the Grids

Even assuming Fife could do sedentary work, the ALJ improperly applied grids 201.27, .28, and .29 in reaching his finding of "not disabled."

■ In determining whether a disabled claimant can do substantial gainful work, the ALJ may apply the Secretary's medical-vocational guidelines (the grids) in lieu of taking the testimony of a vocational expert, provided the grids accurately describe the claimant's abilities and limitations. *Heckler v. Campbell,* 461 U.S. 458, 462 n. 5, 103

S.Ct. 1952, 1955 n. 5, 76 L.Ed.2d 66 (1983). If the grids fail accurately to describe a claimant's particular limitations, the Secretary may not rely on them alone to show the availability of jobs for the claimant, *Gallant,* 753 F.2d at 1456–57; *Stone v. Heckler,* 722 F.2d 464, 468 (9th Cir.1983).

Grids 201.27, .28, and .29 each contain footnotes referring to 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.00(h), which provides as follows:

... a finding of disabled is not precluded for those individuals under age 45 who do not meet all of the criteria of a specific rule and who do not have the ability to perform a full range of sedentary work. The following examples are illustrative: Example 1: An individual under age 45 with a high school education can no longer do past work and is restricted to unskilled sedentary jobs because of a severe medically determinable cardiovascular impairment (which does not meet or equal the listings in Appendix 1). A permanent injury of the right hand limits the individual to sedentary jobs which do not require bilateral manual dexterity. None of the rules in Appendix 2 are applicable to this particular set of facts, because this individual cannot perform the full range of work defined as sedentary. Since the inability to perform jobs requiring bilateral manual dexterity significantly compromises the only range of work for which the individual is otherwise qualified (i.e., sedentary), a finding of disabled would be appropriate.

■ Like the individual in Example 1, Fife has a permanent injury to one hand which precludes jobs requiring bilateral manual dexterity and thus significantly compromises the only range of work for which he is otherwise qualified. The ALJ's decision was not based on proper application of the legal standards embodied in the regulations and is therefore improper. *See Jones,* 760 F.2d at 998; *Gallant,* 753 F.2d at 1456–57; *Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir.1984); *Delgado v. Heckler,* 722 F.2d 570, 572–73 (9th Cir.1983).

## III

### Rejection of Medical Opinion

■ While the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons for rejecting such an opinion where it is uncontradicted. *Coats v. Heckler,* 733 F.2d 1338, 1340 (9th Cir.1984). If the ALJ wishes to disregard the opinion of the treating physician, he must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record, even where the treating physician's opinion is controverted by the Secretary's consultant. *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983).

■ Here, the record reflects the uncontroverted opinion that Fife's condition rendered him unable to perform gainful activity.[2] The ALJ was therefore required to give clear and convincing reasons for disregarding the treating physician's diagnosis of disability. *See Jones,* 760 F.2d at 997; *Coats v. Heckler,* 733 F.2d at 1340. Failure to do so was error.

The Secretary did not meet her burden of proving that Fife was capable of performing light and sedentary forms of gainful employment and the decision of the ALJ is reversed. The ALJ's characterization of Fife as capable of light and sedentary work is unsupported by substantial evidence. *See Gallant,* 753 F.2d at 1457. Therefore we REVERSE the judgment of the district court and REMAND for payment of benefits.

---

2. Dr. Porter's speculative comment that Fife "may be [able] to return to [work] this fall" was written before the removal of Fife's cast and is unsupported by clinical findings. As such, it does not contradict the later clinical, post-cast determinations of disability by Drs. Wilson and Havlina.