Edith E. KOGELIS, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. C 86–20209 SW.

United States District Court, N.D. California.

April 14, 1987.

Harvey P. Sackett, San Jose, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., San Francisco, Cal., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPENCER WILLIAMS, District Judge.

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) seeking review of a final decision of the Secretary of Health and Human Services denying her claim for disability insurance benefits prior to August 9, 1983. Plaintiff maintains that there is not substantial evidence to support the Secretary's selection of this date as her disability onset date.

The case is before this court on the parties' cross-motions for summary judgment. Upon consideration of the records presented to the court and a review of the relevant authorities, this court concludes that the Secretary's decision to set plaintiff's disability onset date as August 9, 1983, is supported by substantial evidence, and therefore the court grants defendant's motion for summary judgment.

## INTRODUCTION

Plaintiff is a 51-year-old female who has nine years of formal schooling and special training in beauty school. Her past work included employment as a quality control inspector, electronics assembler and beautician. Between 1969 and 1977, plaintiff held a variety of jobs as a quality control inspector. On May 26, 1977, plaintiff was involved in an automobile accident and claims she has been continuously disabled since this date. Following the accident, plaintiff developed neck pain which radiated to her right shoulder and into her right arm. Within six months, plaintiff complained of intermittent wheezing and shortness of breath. (Tr. 298) Plaintiff's treating physician at that time, Dr. Buenor Puplampu, diagnosed plaintiff's condition as cervical spondylosis, and in his opinion she was temporarily totally disabled. (Tr. 237, 242) In December, 1979, plaintiff applied for, and was subsequently granted, disability insurance benefits. Her disability onset date was set as May 26, 1977, the date of her accident. However, plaintiff's benefits

were terminated in August, 1979, after an administrative law judged determined that her condition had improved and she was no longer entitled to disability benefits. This decision was upheld by Judge Ingram of this court. (Tr. 278)

At issue in these proceedings is plaintiff's November, 1981, application for disability insurance benefits. Again, plaintiff alleges that she has been continuously disabled since May 26, 1977. Disability benefits were initially denied at an administrative hearing, but upon reconsideration the Appeals Council remanded the case for further development, including further pulmonary and hearing loss examinations. (Tr. 326) On remand, after additional examinations and testimony were obtained, the administrative law judge [hereinafter referred to as ALJ] determined that plaintiff was currently disabled. The ALJ then analyzed plaintiff's medical examinations beginning in August, 1979, the date her disability benefits were previously terminated, to determine at what point plaintiff's condition had reached disabling stages.

To evaluate plaintiff's pulmonary impairments, the ALJ focused primarily on three pulmonary function tests performed in November, 1981, August, 1983, and September, 1984. The first examination was performed by Dr. Ismil Ismael, who found that plaintiff was in no apparent respiratory distress. His report stated that plaintiff had no wheezing, rales or rhonchi and her chest x-rays were normal. However, her pulmonary function tests were interpreted as showing moderate lung disease. (Tr. 260, 264) The 1983 and 1984 tests, performed by a board certified internist, Dr. Marvin Grieff, were considered by the ALJ to be significantly different than the November, 1981 findings of Dr. Ismael. Specifically, examinations of plaintiff's chest showed some decrease in breath sounds with occasional respiratory wheezes, and her x-rays showed bilaterial apical pleural thickening. (Tr. 298, 304) In analyzing these examinations, the ALJ relied on the opinions of Dr. Joseph Cummiskey, the medical advisor who testified on remand. Dr. Cummiskey stated that there was apparently a significant worsening in plain-

tiff's pulmonary problems at some time after 1981. According to Dr. Cummiskey, the 1981 test records showed a borderline pulmonary function test, with results suggesting that plaintiff was able to work for eight hours, with two of those hours sitting down. However, based on his opinion of the 1983 and 1984 tests, plaintiff was not capable of light work activity involving any significant lifting, carrying or working for more than four hours each day from the time of these later tests. (Tr. 177–178)

Additionally, the ALJ considered the 1980 orthopedic findings of Dr. Emeka Nchekwube, who noted the lack of hard clinical evidence of plaintiff's cervical radioculopathy and the vagueness of her symptoms. The ALJ also considered Dr. Nchekwube's 1982 progress report, stating that plaintiff's complaints were essentially the same and that she only needed to return for further examinations at her discretion. (Tr. 17) The ALJ also considered the findings of plaintiff's treating physician, Dr. Mary DeFigard, who assessed the plaintiff as disabled. However, the ALJ did not find Dr. DeFigard's opinions and reports persuasive, stating that she is not a specialist in orthopedic or respiratory medicine, and her assessments were based on plaintiff's description of symptoms without documentation of clinical findings supporting her conclusions. (Tr. 17–19)

Finally, the ALJ considered plaintiff's medical records of hearing impairments, which showed that plaintiff had a bilateral moderate to profound sensorineural hearing loss. Although the records state that complex listening situations would present extreme communication difficulties for the plaintiff, she had excellent lipreading ability which was enhanced by the use of a hearing aid, worn by the plaintiff since she was about ten years of age. (Tr. 19–20)

Based on the medical evidence provided, the ALJ concluded that prior to August 9, 1983 (the date of Dr. Grieff's first pulmonary exam), plaintiff had the residual functional capacity to perform legitimate work, including her past work as a quality control inspector. However, the ALJ rejected as medically unsupported plaintiff's allega-

tions of total disability prior to August, 1983. This decision was upheld by the Appeals Council.

## ANALYSIS

As noted, plaintiff was considered disabled by the Social Security Agency through August, 1979, at which time her disability insurance benefits were terminated. Therefore, the period relevant to this decision begins subsequent to August, 1979, the first month plaintiff was considered not disabled.

It is this court's responsibility to determine whether the ALJ's selection of August, 1983, was supported by substantial evidence. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985). However, it is not the court's duty to determine whether some other date between August, 1979, and August, 1983, could have been supported as plaintiff's disability onset date. In *Swanson v. Secretary of Health and Human Services*, 763 F.2d 1061 (9th Cir.1985), the plaintiff challenged the ALJ's onset date as unsupported by substantial evidence. The court rejected plaintiff contention that an earlier date should have been set, stating:

> While the ALJ could have chosen an earlier onset date based on the conflicting evidence as to appellant's previous disorders, the question we face is whether the chosen onset date is supported by substantial evidence, not whether an earlier date could have been supported.

*Id.* at 1065.

Plaintiff's contentions of error are threefold. First, she states that the ALJ did not consider the combined effects of her multiple impairments. Second, plaintiff contends that the ALJ rendered ambiguous and unsubstantiated findings that her subjective complaints of pain were not credible. And third, plaintiff alleges that the ALJ did not provide specific factual reasons for rejecting the opinion of Dr. DeFigard, plaintiff's treating physician.

### 1. Combined Effects of Disabilities

In determining whether plaintiff is eligible for disability benefits, the court is required to consider the combined effect of plaintiff's alleged physical impairments. 20 C.F.R. § 404.1423. Plaintiff contends that the ALJ considered only the disabling effect of her pulmonary impairment and did not consider the combined effect of her alleged disabilities, particularly her orthopedic problems. Plaintiff points specifically to that portion of the decision which states:

> After considering all the medical evidence provided, the Administrative Law Judge concluded that the claimant's only vocationally disabling impairment was a pulmonary problem. While the other impairments would have limited her to light work, none of them were so severe as to preclude her from performing her past relevant work. It was only when the pulmonary impairment worsened to the point that it precluded light work activity that the claimant would have been incapable of returning to her past relevant work.

(Tr. 20)

However, a review of the entire record shows that the ALJ did inquire into plaintiff's orthopedic conditions, in addition to her other alleged impairments, before selecting plaintiff's disability onset date. Plaintiff overlooks the 1980 medical record of Dr. Nchekwube, relied upon by the ALJ in making his decision, which states:

> After an extensive review of the patient's chart, I had a long and frank discussion with her about the lack of hard clinical evidence of cervical radiculopathy such that would justify an operation such as an anterior cervical discectomy and fusion. I indicated my doubt that surgical intervention would help her in view of the chronicity and vagueness of her symptoms. I also remarked that the claimant was in fact able to do some kind of work in spite of her complaints of neck pain. Since she has not done this, she in fact had herself to blame.

(Tr. 17)

The ALJ stated that Nchekwube's statements confirmed his opinion that plaintiff's

orthopedic complaints were not of such severity as to preclude past relevant work. (Tr. 17) The ALJ also considered Dr. Nchekwube's August 12, 1982, progress report which stated that plaintiff was "complaining of some discomfort in the neck and upper extermities. She has been off her medications, surprisingly, since November, 1981.... Patient will see me in the future at her discretion." (Tr. 276) In reaching his decision, the ALJ also considered medical records containing plaintiff's orthopedic and audiological evaluations. Upon a thorough review of the record, this court concludes that the ALJ considered the combined effect of plaintiff's alleged impairments before reaching his decision.

## 2. *Plaintiff's Subjective Complaints*

■ Plaintiff's next contention is that the ALJ rendered ambigious and unsubstantiated findings that her subjective complaints of pain were not credible. A claimant's complaints of pain or other symptoms alone do not establish disability, and there must be medical signs and findings which could reasonably be expected to produce the pain or other symptoms alleged. 42 U.S.C. § 423(d)(5)(A). *See, Nyman v. Heckler,* 779 F.2d 528, 530–31 (9th Cir. 1985). Further, a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings. *Nyman* at 531. However, the ALJ must support his findings with specific reasons for the disbelief. *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981).

■ The ALJ's findings state that he "did not find the claimant's allegations of total disability to be supported by the medical evidence for the period prior to August 1983." (Tr. 21) However, the ALJ did not find plaintiff's complaints totally unbelievable—it is only her complaints *prior* to August, 1983, which he found to be unsubstantiated by the medical evidence. The ALJ stated that many of plaintiff's complaints prior to this date were based on her own subjective complaints, without any documentation of clinical findings. Additionally, the ALJ cited from Dr. Nchewube's report, cited above, to support his

conclusions. This court concludes that the ALJ was justified in concluding that plaintiff's subjective complaints of total disability prior to August, 1983, were refuted by the medical evidence, and that he sufficiently articulated his reasons for disregarding her allegations.

## 3. *Rejection of Treating Physician's Opinion*

■ Plaintiff's final contention is that the ALJ did not provide specific factual reasons for rejecting the opinion of Dr. DeFigard, plaintiff's treating physican. The ALJ is not bound by an expert's medical opinion, and may disregard the opinion of the treating physician. *Fife v. Heckler,* 767 F.2d 1427, 1431 (9th Cir.1985) However, if the treating physician's opinion is disregarded, then the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record...." *Id. at* 1431.

Dr. DeFigard determined that plaintiff was totally disabled. However, the ALJ did not consider her opinions and reports persuasive, since they were "based principally upon the claimant's description of symptoms ... without documentation of clinical findings supporting her conclusions of total disability." (Tr. 19) Further, the ALJ stated that Dr. DeFigard's report discussing plaintiff's orthopedic and respiratory problems were "mostly a repetition of the subjective complaints unaccompanied by objective findings. Dr. DiFigard [sic] is not a specialist in orthopedic or respiratory medicine, and her conclusions as to the limitations resulting from these impairments was not considered persuasive...." (Tr. 18)

There was substantial evidence in the record to support the ALJ's finding that Dr. DeFigard's assessments were unpersuasive. Further, the ALJ set forth specific, legitimate reasons for reaching his conclusion. Therefore, this court concludes that the ALJ did not err in finding Dr. DeFigard's opinions unpersuasive.

Having concluded that there was substantial evidence to support the selection of August 9, 1983, as plaintiff's disability on-

**310**

set date, this court GRANTS defendant's motion for summary judgment.

IT IS SO ORDERED.