990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas E. BOWEN, Plaintiff-Appellant,
v.
Donna E. SHALALA**, Secretary, Health and
Human Services, Defendant-Appellee.
 No. 91-56306.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 20, 1993.
 
 Before HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The Secretary of Health and Human Services concluded that Thomas E. Bowen was not disabled within the meaning of the Social Security Act and denied his claim for Social Security disability benefits. The district court affirmed the Secretary's decision. Bowen appeals to this court, and we affirm.
 
 I. Facts
 
 3
 Thomas E. Bowen alleges disability beginning in June, 1987, due to residuals from a 1972 plane crash, during which he sustained fractures to both hips and multiple fractures of the pelvis. In 1975, Bowen had his right hip replaced. Bowen then attended law school until 1977, at which time he returned to work. In 1985, after it was determined that his hip replacement had failed, Bowen had his right hip replaced again. Follow-up examinations were positive. Once again, Bowen returned to work. However, on June 23, 1987, Bowen stopped working. Bowen claims disability as of that date.
 
 II. Standard of Review
 
 4
 We will disturb a decision denying benefits " 'only if it is not supported by substantial evidence or it is based on legal error.' " Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir.1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986)); see 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)), but "less than a preponderance." Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir.1988) (quoting Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison, 305 U.S. at 229). We review the record as a whole and consider adverse as well as supporting evidence. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989).
 
 III. Discussion
 
 5
 Bowen claims that he is disabled due to functional limitations, pain, and excess pain. Bowen has the burden of proving disability within the meaning of the Social Security Act. See Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir.1984). "Claimants are disabled if a medically determinable physical or mental impairment prevents them from engaging in substantial gainful activity." Perry v. Heckler, 722 F.2d 461, 464 (9th Cir.1983); 42 U.S.C. § 423(d)(1)(A). "The claimant establishes a prima facie case of disability by showing that [his] impairment prevents [him] from performing [his] previous occupation." Cotton v. Bowen, 799 F.2d 1403, 1405 (9th Cir.1986). "[A]fter a claimant establishes a prima facie case of disability by showing his inability to perform former work, the burden shifts to the Secretary to prove that the claimant can engage in other types of substantial gainful work that exists in the national economy." Maounis, 738 F.2d at 1034 (italics deleted).
 
 
 6
 Conceding that the evidence supported Bowen's claim that he was unable to perform his former work, the ALJ nonetheless concluded that Bowen was not disabled because he could engage in light and sedentary forms of substantial gainful employment. Bowen appeals.
 
 A. Functional Limitations
 
 7
 "The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.1984) (citations omitted). Where the evidence supports more than one rational interpretation, we must accept the ALJ's conclusion. See Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971).
 
 
 8
 The ALJ relied on the testimony of three physicians: Dr. Tohidi, Bowen's treating physician; Dr. Zaayer, a Board certified orthopedist; and Dr. Aldridge, who testified as a medical expert. Of these, only Dr. Tohidi expressed an opinion that Bowen was prevented from performing sedentary work; neither Dr. Zaayer, who had personally examined Bowen, nor Dr. Aldridge, who had reviewed Bowen's medical records, could find any indication of abnormality in Bowen's recovery from hip surgery or Bowen's healing from his pelvic fracture that would prevent Bowen from performing sedentary work.[1]
 
 
 9
 Generally, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton, 799 F.2d at 1408.
 
 
 10
 The ALJ met that burden here. Importantly, the ALJ noted that Dr. Tohidi's medical records of Bowen's treatment simply did not support Dr. Tohidi's conclusion that Bowen was disabled ("Dr. Tohidi has failed to cite clinical findings, x-ray results, or electrodiagnostic results that are consistent with the degree of limitation he and the claimant allege."). In fact, Dr. Tohidi's medical records indicated that Bowen did lots of walking, had been traveling, had minimal pain with ambulation, and had a normal gait when using a cane.[2] Because the weight to be accorded a doctor's opinion generally depends upon the extent to which that opinion is supported by clinical findings, see Coats v. Heckler, 733 F.2d 1338, 1340 n. 4 (9th Cir.1984) (citation omitted), we conclude that the ALJ gave the proper weight to Dr. Tohidi's opinions. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that Bowen is not prevented by functional limitations from performing light and sedentary forms of substantial gainful employment.
 
 B. Pain as Disability
 
 11
 Bowen further claims that he is disabled due to pain, namely pain in his back and in his thighs. He equated the severity of the pain in his thighs either with being struck with a baseball bat or being hit with a strong electrical discharge from a 12 volt automobile battery. However, a claimant's subjective complaint of pain, by itself, does not establish disability. See Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir.1985). Instead, the claimant must produce medical evidence of an underlying impairment that is reasonably likely to be the cause of the alleged pain. See Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (en banc) (citing Cotton, 799 F.2d at 1407).
 
 
 12
 Nothing in Dr. Tohidi's records, including results from various MRIs and CT scans, reveals any abnormality in Bowen's recovery or offers any evidence of an underlying impairment that is reasonably likely to be the cause of his alleged pain. Similarly, neither Dr. Zaayer nor Dr. Aldridge could detect any medical evidence to support Bowen's subjective complaint of pain. Moreover, the ALJ rejected Bowen's pain testimony, particularly his testimony regarding the severity thereof, as wholly incredible,[3] especially considering that Bowen testified to incredibly severe pain ("The [ALJ] notes that if the claimant truly had such strong pain, he probably would lose consciousness. He may even have cut his leg off if he had an ax."), that Bowen took little or no pain medication for such severe pain, that Bowen seemed to alter his testimony in order to make his condition appear more severe ("[Bowen's] testimony appeared to be a deliberate effort to make his condition seem to be more severe than it actually is."), that Bowen was able to complete four law school correspondence courses while in such severe pain, and that Bowen had a motive for secondary gain ("[T]he claimant is required to file for disability insurance benefits by his insurance company.").
 
 
 13
 Because Bowen has not produced medical evidence of an underlying impairment that is reasonably likely to be the cause of the alleged pain, and considering the ALJ's credibility determination regarding Bowen's pain testimony, we conclude that substantial evidence supports the ALJ's conclusion that Bowen is not prevented by pain from performing light and sedentary forms of substantial gainful employment.[4]
 
 C. Application of the Grids
 
 14
 Finally, Bowen challenges the ALJ's use of the Medical-Vocational Guidelines ("Grids") rather than a vocational expert in reaching a finding of "not disabled." "In determining whether a disabled claimant can do substantial gainful work, the ALJ may apply the Secretary's medical-vocational guidelines (the grids) in lieu of taking the testimony of a vocational expert, provided the grids accurately describe the claimant's abilities and limitations." Fife v. Heckler, 767 F.2d 1427, 1430 (9th Cir.1985).
 
 
 15
 In reaching the conclusion that Bowen was not disabled, the ALJ relied on Grids 201.16 and 201.21, 20 C.F.R. § 404.1501 et. seq., App. 2., and 201.00(g). Id. These Grids provide that
 
 
 16
 Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains. However, recently completed education which provides for direct entry into sedentary work will preclude such a finding.
 
 
 17
 Id. Specifically, the ALJ concluded that Bowen's recently completed legal education provided him with direct entry into sedentary work. See id. Because we have no quarrel with the application of the Grids, we agree with the ALJ's conclusion that Bowen is not prevented by his age, education, vocational background, or maximum sustained work capacity from performing light and sedentary forms of substantial gainful employment.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Resources. Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bowen contends that the opinion of a Dr. Whitesides further buttresses his claim of disability. However, because that opinion is not part of the transcript of record, it is not properly before us and we cannot and will not consider it. See 42 U.S.C. § 405(g)
 
 
 [2]
 Indeed, only one doctor, Dr. Garfin, indicated in his records that Bowen was at all disabled. After objectively limiting Bowen to sedentary work, Dr. Garfin indicated that Bowen "is completely disabled secondary to his increasing pain." However, this conclusion was based only on Bowen's complaints of pain, and this court previously has indicated that an ALJ may reject the opinion of a physician when that opinion is based on nothing other than claimant's own subjective complaints. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989)
 
 
 [3]
 "[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) (quoting Waters v. Gardner, 452 F.2d 855, 858 n. 7 (9th Cir.1971))
 
 
 [4]
 Because claimant has failed to produce medical evidence of an underlying impairment that is reasonably likely to be the cause of the alleged pain, see Bunnell 947 F.2d at 343, we need not consider his excess pain claim. See Cotton, 799 F.2d at 1407 (a claimant must submit objective medical findings establishing a medical impairment that would normally produce a certain amount of pain before the Secretary must consider "excess pain" testimony)