5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John P. KEEGAN, Plaintiff-Appellant,
v.
Donna E. SHALALA**, Secretary, Defendant-Appellee.
 No. 91-36145.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Aug. 20, 1993.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington; D.C. No. CV-84-0330-JBH; James B. Hovis, Magistrate, Presiding
 
 
 2
 E.D.Wash.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges
 
 
 5
 MEMORANDUM***
 
 
 6
 The Secretary of Health and Human Services concluded that John Keegan was not disabled within the meaning of the Social Security Act and denied his claim for Social Security disability benefits. The Appeals Council and the district court affirmed the Secretary's decision. Keegan appeals to this court, and we affirm.
 
 STANDARD OF REVIEW
 
 7
 We review de novo the district court's decision. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir.1985). Thus, we will disturb the Secretary's decision denying benefits " 'only if it is not supported by substantial evidence or it is based on legal error.' " Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir.1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986)); see also 42 U.S.C. Sec. 405(g) (1988). Substantial evidence means " 'more than a mere scintilla,' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)), but " 'less than a preponderance.' " Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir.1988) (quoting Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975)). " 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson, 402 U.S. at 401 (quoting Consolidated Edison, 305 U.S. at 229). We review the record as a whole and consider adverse as well as supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989).
 
 DISCUSSION
 
 8
 In order to obtain disability benefits, Keegan must demonstrate that he was disabled prior to his last insured date (June 30, 1986). See 42 U.S.C. Sec. 423(c); 20 C.F.R. Sec. 404.1520; Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991). "Claimants are disabled if a medically determinable physical or mental impairment prevents them from engaging in substantial gainful activity." Perry v. Heckler, 722 F.2d 461, 464 (9th Cir.1983); see also 42 U.S.C. Sec. 423(d)(1)(A). "The claimant establishes a prima facie case of disability by showing that [his] impairment prevents [him] from performing [his] previous occupation." Cotton v. Bowen, 799 F.2d 1403, 1405 (9th Cir.1986). "[A]fter a claimant establishes a prima facie case of disability by showing his inability to perform former work, the burden shifts to the Secretary to prove that the claimant can engage in other types of substantial gainful work that exists in the national economy." Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir.1984) (italics deleted).
 
 
 9
 Conceding that the evidence supported Keegan's claim that he was unable to perform his previous work, the Secretary nonetheless concluded that Keegan was not disabled because he could engage in light and sedentary forms of substantial gainful work that exist in the national economy. Keegan appeals, claiming that the Secretary's decision was not supported by substantial evidence. He claims that the Secretary erred in giving too little weight to the testimony of Dr. Shanks, Keegan's treating physician, and in giving too little weight to Keegan's subjective pain complaints. Whether the Secretary's decision was supported by substantial evidence depends on the resolution of these two claims.
 
 1. The Testimony of Dr. Shanks
 
 10
 Keegan claims that the district court erred in not granting him summary judgment on the basis that the Secretary gave improper weight to the opinion of his treating physician, Dr. Shanks. We disagree.
 
 
 11
 "We have made it clear that the medical opinions of a claimant's treating physicians are entitled to special weight and that, if the ALJ chooses to disregard them, 'he must set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence.' " Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988) (quoting Cotton, 799 F.2d at 1408). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton, 799 F.2d at 1408.
 
 
 12
 We conclude that the ALJ met that burden here. The ALJ noted that Dr. Shanks's medical reports from 1985 to 1987, which represent in excess of twenty visits by Keegan, are terse, generally indicating that Keegan's status "remains unchanged," and contain no evidence of clinical tests of Keegan's abilities. Accordingly, the ALJ concluded that "[a]s Dr. Shanks notes fail to set forth specific observations consistent with his recommendations, his recommendations and opinions are not afforded as much weight as those of examining physicians who have recorded their observations in support of their recommendations." Keegan faults this conclusion for not giving proper deference to Dr. Shanks's earlier findings. However, at the hearing Dr. Shanks testified that he based his findings on the fracture of Keegan's sacrum, Keegan's herniated disc, and muscle tightness in the lumbar area of the back. In reviewing the same evidence, Dr. Cooke previously had testified that the quality of medical evidence presented by the claimant identified a long history of subjective pain well in excess of what one would reasonably expect to have been produced by the injuries suffered.[1] Because the weight to be accorded a doctor's opinion generally depends upon the extent to which that opinion is supported by clinical findings, see Coats v. Heckler, 733 F.2d 1338, 1340 n. 4 (9th Cir.1984) (citation omitted), we conclude that substantial evidence supports the ALJ's treatment of Dr. Shanks's testimony.
 
 
 13
 Further, we conclude that the ALJ and Appeals Council[2] met the Cotton standard for disregarding Dr. Shanks's opinion by setting forth the findings of Dr. Shanks, a Spokane panel, and Dr. Zietak, and by incorporating the findings of Dr. Brondos. The ALJ noted that, after their examination of Keegan, the Spokane panel found that no muscle spasm was visible or palpable, that flexion of the spine was 45 degrees with fingers eighteen inches from the floor, and that lateral bending was twenty degrees to the right and twenty-five degrees to the left. Based on these findings, the panel concluded that Keegan was capable of returning to his past work.
 
 
 14
 The ALJ also noted that, after her examination of Keegan, Dr. Zietak noted that Keegan was able to get on and off the examination table with no difficulty, that he did not appear uncomfortable during the examination, that he was able to bear weight evenly on both legs, and that on palpitation no muscle spasm or trigger points were noted. Importantly, Dr. Zietak also noted that Keegan had exaggerated his response to touch in the sacral area and that he had demonstrated poor effort in range of motion testing. Dr. Zietak also noted that Keegan's reports of his daily activities, including that he was able to sit in a restaurant frequently to drink coffee and that he was able to "do everything with his grandchildren," were inconsistent with the amount of pain that he alleged. Dr. Zietak assessed Keegan's physical capacities to include the ability to lift ten pounds frequently, thirty pounds occasionally, and to sit, stand, or walk for 30-60 minutes without interruption, or for four hours in an eight hour day. Finally, although Keegan estimated his pain level to be about a 5 on a scale of 1 to 10, Dr. Zietak estimated the level more probably at 2.
 
 
 15
 The Appeals Council added to the efforts of the ALJ. First, the Appeals Council noted that, although Dr. Shanks indicated at the hearing that Keegan was unable to stand for more than fifteen minutes at a time, that conclusion was contradicted by some of his earlier records, including a 1985 medical record notation that Keegan could stand for up to thirty minutes, a 1986 agreement with Dr. Brondos that Keegan could stand for up to thirty minutes without interruption,[3] and a 1987 comment that Keegan could sit for up to sixty minutes at a time.
 
 
 16
 Accordingly, we conclude that, under Cotton, the efforts of the ALJ and Appeals Council were sufficient to justify the decision to give Dr. Shanks's opinion less weight than that normally accorded to a treating physician's opinion. We affirm.
 
 2. Keegan's Excess Pain Testimony
 
 17
 Keegan next claims that the district court erred in failing to grant summary judgment in his favor under Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991) (en banc). We disagree.
 
 
 18
 First, Keegan correctly points out that the district court erred in applying Bates v. Sullivan, 894 F.2d 1059 (9th Cir1990),[4] to evaluate Keegan's subjective pain complaints, because Bates was overruled by Bunnell. Nonetheless, we affirm under Bunnell.
 
 Bunnell provides that
 
 19
 once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain. Cotton, 799 F.2d at 1407. Further, although an adjudicator may find the claimant's allegations of severity to be not credible, the adjudicator must specifically make findings which support this conclusion. Id.
 
 
 20
 Id. at 345.[5] These findings "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.' " Id. at 345-56 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir.1991)).
 
 
 21
 The ALJ rejected Keegan's pain testimony predominantly because Keegan did not testify at the hearing before the ALJ and in reliance on Dr. Zietak's opinion that Keegan was exaggerating his pain symptoms. Although the ALJ's bases for rejecting Keegan's pain testimony are somewhat weak, the Appeals Council added to the findings of the ALJ to make them sufficiently specific under Bunnell.
 
 
 22
 In rejecting Keegan's pain testimony as not fully credible, the Appeals Council considered that Keegan's medical records contained no evidence of muscle spasms, reflex loss, sensory changes, or motor weakness; that Keegan had been involved only in conservative treatment for his pain and had stopped taking prescribed pain medication; and that, since 1980, Keegan had testified to various daily activities, including chopping wood, doing yardwork, cooking, shopping, swimming, dancing, and doing housework. The Appeals Council also considered the observations and opinions of treating and examining physicians, including Dr. Zietak's opinion that Keegan had exaggerated his pain symptoms. Undoubtedly, these are specific, legitimate reasons for rejecting Keegan's pain testimony. See, e.g., Fair, 885 F.2d at 604 (considering claimant's conservative treatment program and daily activities); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir.1988) (considering opinions of treating and examining physicians); Green v. Heckler, 803 F.2d 528, 532 (9th Cir.1986) (same). Our inquiry is whether these reasons are based on substantial evidence in the record. See Fair, 885 F.2d at 604.
 
 
 23
 Considering that credibility determinations are for the Secretary, see Russell v. Bowen, 856 F.2d 81, 83 (9th Cir.1988); Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982), and that where the evidence supports more than one rational interpretation, we must accept the ALJ's conclusions, see Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971), we conclude that the Secretary's reasons for rejecting Keegan's pain testimony are supported by substantial evidence in the record and that the Secretary properly found Keegan's pain testimony not credible under Bunnell. We affirm.
 
 CONCLUSION
 
 24
 The vocational expert's testimony and the grids upon which the ALJ and the Appeals Council relied accurately described Keegan's abilities and limitations that were supported by substantial evidence in the record. Thus, we affirm the district court and Secretary's conclusion that Keegan is not disabled for purposes of the Social Security Act. See Fife v. Heckler, 767 F.2d 1427, 1430 (9th Cir.1985).
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Resources, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court previously has indicated that the ALJ may reject a physician's opinion that relies solely on the claimant's subjective complaints. See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989)
 
 
 [2]
 The Appeals Council is entitled to make its own independent analysis of the medical evidence. Dupuis v. Secretary of Health and Human Services, 869 F.2d 622, 623-24 (1st Cir.1989) ("[T]he Appeals Council is in the same position as the ALJ to evaluate objective medical evidence and it need not defer to the ALJ's interpretation.")
 
 
 [3]
 Importantly, the hypothetical posed to the vocational expert at Keegan's 1986 hearing, the findings of which the Appeals Council implicitly adopted into its decision, contained the restrictions formulated by Dr. Brondos and to which Dr. Shanks agreed. Dr. Brondos evaluated Keegan as being able to lift and carry objects weighing up to ten pounds for up to one third of an eight hour work day; being able to stand or walk for up to four hours during an eight hour work day and for thirty minutes at a time without interruption; being able to sit for up to four hours during an eight hour work day and for thirty minutes at a time without interruption; being able to climb, balance, stoop, crouch, kneel, and crawl from very little up to one third of an eight hour work day; being able to reach, handle, feel, push/pull, see, hear, or speak without limitation; and being restricted with respect to working at heights and around moving machinery
 
 
 [4]
 Under the concurring opinion in Bates, "an ALJ may disregard a claimant's subjective pain testimony unless it is accompanied by evidence of 'a medical condition that could be reasonably be expected to produce' that pain." Bates, 894 F.2d at 1072 (quoting 20 C.F.R. Sec. 404.1529 and 416.929 (1989))
 
 
 [5]
 Whether Keegan has produced objective evidence of an underlying impairment is not in dispute