28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda CLARK, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-55603.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1994.*
Decided May 23, 1994.
 
 1
 Before: BROWNING, and FLETCHER, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 We do not consider the reports of Dr. Thorton and Dr. Mishra since they are not part of the administrative record. Clark has not appealed the district court's denial of her motion for remand based on new evidence. The record now before us supports the Secretary's decision that Clark is not disabled and can return to her previous work.
 
 
 4
 The record supports the Secretary's finding that Clark's left hand function did not warrant a restriction precluding jobs requiring bilateral manual dexterity. See Fife v. Heckler, 767 F.2d 1427, 1430 (9th Cir.1985). Dr. Ayers reported Clark had wrist pain but her wrists appeared normal. Dr. Vaughan's physical examination revealed tenderness in the first dorsal compartment of the left wrist and a positive Finkelstrein's sign, but noted there was no evidence of radial neurosensory changes, intrinsic weakness or denervation changes. Dr. Ingram concluded the tendinitis manifested symptoms of local tenderness, edema, and a loss in range of motion which resulted in a wrist impairment of only 1%. Dr. Neff diagnosed mild tendinitis. Even if Clark's left wrist prevents her from returning to her previous work, she has not rebutted the vocational witness's testimony she can perform alternative jobs without the use of her left arm.
 
 
 5
 The Administrative Law Judge gave adequate weight to the treating physicians' opinions. Dr. Ayers described Clark's functional capacity as moderately to severely limited. However, the only limitation he identified was "prolonged standing on the job," and the Judge accepted this limitation when determining Clark's functional capacity. The Judge set out a detailed and thorough summary of the facts and conflicting evidence, see Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988), and found Dr. Ingram's implied opinion inconsistent with his assessment of 12% total body impairment and recommendation for mild conservative care. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (judge can reject the "treating physician's opinion which is brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion") (internal quotation and citation omitted).
 
 
 6
 The Judge made specific findings justifying his decision discrediting Clark's subjective pain testimony. Bunnell v. Sullivan, 947 F.2d 341, 366 (9th Cir.1991) (en banc); Fair v. Bowen, 885 F.2d 597, 602 (9th Cir.1989). He noted that Clark's treating physician observed "disability seeking behavior" and suggested only conservative treatment. He noted that medication reduced Clark's pain; and that she continued to take Naprosyn on and off for three years despite her claim the medication did not help. He also noted that the pain to which she testified was inconsistent with her testimony regarding daily activities such as sewing, house chores and driving. See Fair, 885 F.2d at 603 (claimant's ability to perform daily activities involving "many of the same physical tasks as a particular type of job" and conservative medical treatment are factors supporting Judge's rejection of claimant's allegation of disabling pain).
 
 
 7
 Substantial evidence in the record supports the Secretary's finding Clark could return to her previous work or to alternative sedentary work. See 20 C.F.R. Secs. 404.1520(e) (impairment must prevent a return to previous work); 416.920(e).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 The parties are familiar with the facts and legal arguments and we will not repeat them here. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3