John MAOUNIS, Plaintiff-Appellant,

v.

Margaret M. HECKLER, etc., Defendant-Appellee.

No. 83–6204.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1984.

Decided July 24, 1984.

Bertram L. Potter, Potter & Cohen, Pasadena, Cal., for plaintiff-appellant.

Joseph Stein, Dennis J. Mulshine, Asst. Regional Atty., U.S. Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before WRIGHT, FERGUSON and REINHARDT, Circuit Judges.

FERGUSON, Circuit Judge:

John Maounis appeals the Secretary of Health and Human Service's decision that he is not disabled within the meaning of the Social Security Act and therefore is not entitled to disability insurance benefits under section 223 of the Act, 42 U.S.C. § 423.

I.

Maounis was born in 1925, had two years of college, and worked most of his adult life as an insurance salesman. He applied

for Social Security disability benefits in 1981 because of a back impairment. At a hearing before an administrative law judge (ALJ), Maounis complained of constant and severe low back pain that prevented him from being able to work and of numbness in his hands and feet. He testified that he had to spend 75 to 80 percent of the day lying down and that he was comfortable only lying on his side with his knees drawn up. Maounis stated that he took six to eight Tylenol tablets daily for pain, but was unable to tolerate other medications because of a sensitive stomach.

The documentary evidence reveals that Maounis was hospitalized for several days in August 1979 for treatment of back problems. Dr. J. Osliniker diagnosed his condition as severe degenerative arthritis of the lumbosacral spine and radiculitis. Maounis complained of pain all along his spine. X-rays revealed severe degenerative changes; however, an electromyogram and bone scan were normal. Maounis was rehospitalized in March 1980 for lumbosacral disc disease and vertebral arthritis, demonstrated by x-rays and a positive leg raise sign. While hospitalized, Maounis received traction treatments. Maounis was unable to return to work after his discharge.

In February 1981, Maounis underwent a consultative orthopedic evaluation by Dr. Alan Lake, a Board-eligible orthopedist. Dr. Lake reported that Maounis had an abnormal physical examination in that he had paraspinous muscle spasm, flattening of the normal lumbar lordosis, local tenderness, positive straight leg raising, and diminished ankle jerks. X-rays revealed marked degenerative changes. Dr. Lake diagnosed severe nerve root entrapment syndrome due to degenerative disease of the lumbar spine. Dr. Lake stated that Maounis would have great difficulty performing activities requiring prolonged standing, walking, or sitting. Dr. Lake concluded that Maounis' prognosis was guarded, and that surgery would be unlikely to resolve the situation because of the extensive degeneration.

Dr. Richard Scandalis, an orthopedist, examined Maounis in August 1981. Maounis complained then of numbness in his legs and hands and severe pain. The examination revealed that Maounis had 50 percent limitation on spinal movement. X-rays demonstrated very severe osteoarthritic changes in all of the lumbar spine. Dr. Scandalis stated that, in his opinion, Maounis' x-ray findings and subjective complaints rendered him "disabled from engaging in any type of substantial gainful employment [meaning] eight hours a day, five days a week, working. He probably could not do any kind of work even for a shorter time."

At the hearing, a vocational expert, Marty Solomon, testified that Maounis' former work was skilled and of a "light" exertional level, and that Maounis had transferable skills from his former work. In response to a hypothetical question based on the assumption that Maounis could work part-time in activities involving limited sitting and standing, Solomon testified that Maounis could work as a counter clerk, telephone answerer, inside salesman, or interviewer enumerator.

The ALJ determined that Maounis had a severe back impairment and could not engage in his former occupation. However, the ALJ found that Maounis could perform limited sedentary work four hours a day at jobs which were available in the regional economy. The ALJ further found that the clinical evidence did not support Maounis' allegations of severe incapacitating pain. Thus, the ALJ held that Maounis was not disabled as defined by the Social Security Act.

Maounis appealed the denial of benefits and submitted a document in which Dr. Scandalis repeated his opinion that Maounis could not work part-time. The Appeals Council disregarded that opinion on the ground that it was not founded on new clinical findings, and upheld the ALJ's decision, which thus became the final decision of the Secretary. Maounis then brought suit in the district court. On the recommendation of a magistrate, the district

court granted summary judgment for HHS.

On March 12, 1984, while this appeal was pending, Maounis died.

## II.

The claimant has the burden of proving disability within the meaning of the Social Security Act. *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980). However, after a claimant establishes a *prima facie* case of disability by showing his inability to perform former work, the burden shifts to the Secretary to prove that the claimant can engage in other types of substantial gainful work that exists in the national economy. *Id.* The Secretary's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the Secretary applied the proper legal standards. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983).

The ALJ conceded that the medical evidence demonstrated that Maounis was unable to perform his former work. However, the ALJ found that Maounis could work for four hours a day and that Maounis' allegations of severe pain were not credible.

■ The ALJ can disregard a claimant's self-serving statements if they are unsupported by objective findings. *Coats v. Heckler*, 733 F.2d 1338 at 1340 (9th Cir.1984); *Hall v. Secretary of HEW*, 602 F.2d 1372, 1377 (9th Cir.1979). However, substantial uncontradicted evidence, including x-ray findings and the reports of Drs. Lake, Oslinker, and Scandalis, consistently indicated that Maounis suffered from severe arthritic degeneration of the lumbar spine with accompanying physical abnormalities. We hold that the record provides no support for the ALJ's finding that Maounis did not suffer incapacitating pain. On the contrary, the clinical findings amply support Maounis' complaints of back and leg pain.

■ The ALJ rejected Dr. Scandalis' opinion that Maounis probably could not work at all because it was based in part on

subjective complaints. An expert's opinion should be given substantial weight, but is not binding on the ALJ so long as he provides clear and convincing reasons for rejecting the opinion. *Coats*, at 1340. The ALJ stated that "the absence of associated neurological or other physical abnormalities of a degree supportive of [the allegations of severe pain] warrants the conclusion that the asserted pain does not impose disabling functional loss." We have already observed that the clinical findings support Maounis' allegations of severe pain. *See id.* We hold that the ALJ rejected the doctor's opinion without stating clear and convincing reasons for doing so.

■ The ALJ relied in part on the testimony of the vocational expert to hold that Maounis could perform limited sedentary work for four hours a day. To qualify as substantial evidence, the testimony of a vocational expert must be reliable in light of the medical evidence. *Kornock v. Harris*, 648 F.2d at 527. The vocational expert based his opinion on the assumption that Maounis could work part time at activities involving limited sitting and standing. However the vocational expert admitted that, based on Maounis' testimony, Maounis could not work because his constant pain prevented him from functioning at all, and he could not sit, stand, or lie down at will. We have already stated that the ALJ had no legitimate basis for rejecting Maounis' claim of incapacitating pain.

## CONCLUSION

We conclude that the ALJ's findings were not supported by substantial evidence. Maounis is now dead; a new administrative hearing would serve no useful purpose. *Kornock*, 648 F.2d at 527. Accordingly, we REVERSE AND REMAND to the district court with directions to order the Secretary to award benefits.