**Alien L. BACON, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Department of Health and Human Services, United States of America, Defendant.**

**No. CV 84–112–M–RES.**

United States District Court,
D. Montana,
Missoula Division.

Oct. 10, 1985.

James C. Bartlett, Hash, Jellison, O'Brien & Bartlett, Kaispell, Mont., for plaintiff.

Robert J. Brooks, U.S. Atty., Butte, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This is an appeal from a final decision of the Secretary denying Social Security benefits. The Appeals Council, reversing the Administrative Law Judge, found that the plaintiff was unable to perform his former work but that plaintiff had a capacity for medium work. The Appeals Council found that the kind of work that the plaintiff can do in light of his exertional limitation is not significantly affected by his nonexertional limitations[1] and then concluded that, "[b]ased on the claimant's exertional limitation only, section 404.1569 and Rules 203.18 and 203.25, Table No. 3 of Appendix 2, Subpart P, Regulations No. 4, would direct

a conclusion that the claimant, considering his residual functional capacity, age, education, and work experience, is not disabled." If it was proper to use the guidelines, the result reached was supported by substantial evidence.

In *Heckler v. Campbell,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983), the Court upheld the authority of the Secretary to promulgate guidelines. *See Gallant v. Heckler,* 753 F.2d 1450 (9th Cir.1984). The fact that the guidelines themselves provide that they are to be applied only when they describe a claimant's abilities and limitations accurately was a factor considered by the Court in approving them. *Campbell,* 461 U.S. at 462, n. 5, 103 S.Ct. at 1954–55, n. 5.

As found by the Appeals Council, plaintiff has lost 95% of the vision in his right eye, and in his left eye he has corneal anesthesia and diminished tear production. The dryness of the left eye makes it susceptible to infections. When plaintiff's eye is infected, it produces significant amounts of mucous, which blurs the vision. He must be cautious in wiping the mucous out because of the corneal anesthesia. Plaintiff is required to use antibiotic ointments, which diminish his vision when he uses them. He was advised to, and did, quit a janitorial job because of the irritations to his left eye. When the eye is infected, his vision can be corrected variously from 20/40 to 20/80 after the cornea is irrigated.

■ Although his sight is impaired, the plaintiff has a vision of more than 20/200 in his better eye and is not legally blind. 42 U.S.C. § 416(i)(1)(B); 20 C.F.R. § 416.-981 (1985). The guidelines do not accurately describe plaintiff's abilities and limitations. An individual's capacity to work is in some measure dependent upon such factors as the steadiness with which he can work, the kinds of places in which he can work, and his reliability while at work.

---

**1.** This finding is difficult to understand in light of the finding that "[t]he claimant is unable to perform his past relevant work as a maintenance man which work required medium to heavy exertion or as a sawmill laborer, welding

shop helper or assembler of oil well bits because these jobs exposed claimant to significant eye irritants." It is not clear why the eye irritants would affect the capacity to do heavy work and not the capacity to do medium work.

Plaintiff's physical impairments involve all of these factors in some degree, and the guidelines established by the rules do not allow for any of them. The guidelines relating to sight (App. 1, § 2.01, Table No. 1) do not deal with the problems created by corneal anesthesia and a diminished tear production.

The regulations do provide:

Also, in these combinations of nonexertional and exertional limitations which cannot be wholly determined under the rules in this Appendix 2, full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded each factor.

App. 2, § 200.00(e)(2). I find no discussion in the rules of any of the factors relevant here, except as to sight itself, of plaintiff's impairments. For these reasons I conclude that the tables upon which the Appeals Council relied cannot be used here.

■ Since the plaintiff is unable to perform his past relevant work, the burden is on the Secretary to prove that the plaintiff can engage in other types of substantial gainful work that exist in the national economy. *Maounis v. Heckler*, 738 F.2d 1032 (9th Cir.1984). In this case that burden was not satisfied by the improper use of the guidelines.

The case is remanded to the Secretary for further action not inconsistent herewith.