**Linda J. NOAH, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. C–84–7738 WHO.**

United States District Court, N.D. California.

Dec. 17, 1985.

**20**

John C. Willbrand, Concord, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., N. D. Cal., Patrick R.S. Bupara, Chief, Civ. Div., John F. Penrose, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## OPINION AND ORDER

ORRICK, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Secretary of Health and Human Services denying her claim for disability insurance benefits and for supplemental security income based on disability. Both parties have filed motions for summary judgment. After having carefully considered the transcript and the pleadings in this case, the Court finds that the Secretary's decision was supported by substantial evidence and that she used the proper procedures in reaching her decision. The decision of the Secretary is, therefore, affirmed.

Linda Noah is a thirty-six-year-old woman who has had twelve years of formal education. Her work history consists of working primarily as a nurse's aide. Her last job was as a nurse's aide in 1982.

Plaintiff filed an application for disability insurance benefits and for supplemental security benefits on September 30, 1983, alleging an inability to work since June 6, 1983, due to deterioration of the spine, arthritis, numbness in her hands and arms, pain, diabetes, and obesity. Her application was denied both initially and on reconsideration by the Social Security Administration. On July 26, 1984, after considering the case *de novo*, the Administrative Law Judge (the "ALJ") concluded that plaintiff was not disabled under the Social Security Act. The ALJ's decision became the final decision of the Secretary when it was approved by the Appeals Council on October 16, 1984.

Under 42 U.S.C. § 405(g), the jurisdiction of the Court is limited to the question of whether the findings of the Secretary are supported by substantial evidence. *Hall v. Secretary of Health, Education and Welfare*, 602 F.2d 1372, 1374 (9th Cir.1979). Applying this standard, the Court must uphold the Secretary's determination that plaintiff is not disabled for the purposes of receiving benefits if the findings are supported by "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The Court reviews the record as a whole, not merely evidence tending to support a finding. *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir. 1978).

Plaintiff has the initial burden of proving disability. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir.1984). This burden is met by showing an inability to engage in previous occupation due to physical or mental impairments. However, after plaintiff establishes a *prima facie* case of disability by showing her inability to perform former work, the burden shifts to the Secretary to prove that plaintiff can engage in other types of substantial gainful work that exist in the national economy. *Id.*

Plaintiff is entitled to benefits under the Social Security Act if she is unable to "engage in any substantial gainful activity by reason of any mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A). A physical or mental impairment "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C).

The Court must look at the record as a whole, *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir.1978); however, the presence of conflicting evidence in the record does not mandate reversal of the ALJ. *Torske v. Richardson*, 484 F.2d 59 (9th Cir.1973). Resolution of evidentiary conflicts is a function solely for the Secretary. *Waters v. Gardner*, 452 F.2d 855, 858 n. 7 (9th Cir.1971).

The evidence before the ALJ included plaintiff's testimony and various medical reports. Dr. Giles C. Floyd, a Board-certified consulting orthopedic surgeon, evaluated the plaintiff during January of 1983. Dr. Floyd diagnosed plaintiff as having degenerative disc disease and degenerative osteoarthritis, but he found her neurologically normal. His examination showed that the plaintiff had 100 percent range of motion of the cervical and dorsal spine and no decreased range of motion of the legs. The doctor was unable to objectively account for plaintiff's complaints of right ankle pain.

During February of 1983, plaintiff fractured her right ankle while playing baseball. Subsequent X-ray findings showed that by May 10, 1983, the fracture was healed with no evidence of complications.

Dr. Henn, a chiropractor who had been treating plaintiff for back complaints, made a diagnosis of degenerative disc disease, restricted spinal motion, a quarter inch right pelvic deficiency, and cervical and lumbar muscle spasms. However, he reported that plaintiff had responded well to treatment for injuries suffered in 1981 and 1982.

Dr. Franz, a podiatrist, stated that her treatment for ankle pain was successful. The Contra Costa Health Services clinic notes confirm that the plaintiff's diabetes is under control.

One written medical report from a licensed physician may be substantial evidence, and it does not matter that the doctor producing the report was not the claimant's regular physician. *Green v. Schweiker*, 694 F.2d 108, 111 (5th Cir.1982). The objective diagnoses and observations are the most important part of the reports, as the doctor's conclusions are not binding on the ALJ. 20 C.F.R. § 404.1527. This review of the evidence shows that there is substantial evidence to support the Secretary's finding of no disability.

Plaintiff complains of foot, back and leg pain, and numbness in the hands and arms. Her subjective complaints of pain are relevant only to the extent that the objective evidence supports them, but they are not, standing alone, a basis for disability. 20 C.F.R. § 404.1529. Pain constitutes a disability only if it is not remedia-

ble or is of such severity as to preclude an individual from engaging in any substantial gainful activity. *Id.* There is no substantial evidence that plaintiff's pain is of such a quality. On the contrary, there is objective evidence to support the Secretary's finding that plaintiff's subjective complaints of pain do not constitute a disability.

 This Court finds that there is substantial evidence in the record to support the Secretary's findings that the plaintiff is not disabled and that she is capable of light work. Accordingly, IT IS HEREBY ORDERED that her motion for summary judgment is DENIED, and the Secretary's motion for summary judgment is GRANTED.