**Patricia J. McKERAL, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. CV 85–24–BU–CCL.**

United States District Court, D. Montana, Butte Division.

Feb. 21, 1986.

Frank Burgess, Burgess, Joyce & Whelan, Butte, Mont., for plaintiff.

Robert J. Brooks, Asst. U.S. Atty., Butte, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This is an appeal from a final decision of the Secretary of Health and Human Services (Secretary) denying Patricia McKeral's claim for disability benefits under the Social Security Act. 42 U.S.C. §§ 301–1399. The Court's jurisdiction is pursuant to 42 U.S.C. § 405(g). A complete transcript of the administrative proceedings is included in the record and the issues have been briefed.

## BACKGROUND

Plaintiff is 45 years old. She completed high school and five years of formal nurse's training. While serving in the Army Nurse Corps, plaintiff completed anesthesia training. She is a registered nurse whose primary work experience (1969 through 1982) has been as a certified nurse anesthetist. Plaintiff last worked from December 1979 through December 11, 1982, the onset date of her alleged disability, as a nurse anesthetist at Saint James Community Hospital in Butte, Montana.

Plaintiff alleges she sustained injuries to her shoulders on August 17, 1982 while at work. During a surgical procedure on that date, she was intubating a large, heavy patient. Plaintiff was forced to hold the patient's jaw in a forward position, using the full weight of her body, for more than one hour. Subsequently, plaintiff began experiencing pain in her shoulders and upper arms. A course of injections and physical therapy did not relieve plaintiff's discomfort. She quit working on December 11, 1982. Thereafter, in January 1983, she underwent a surgical resection of the distal end of her left clavicle. Plaintiff underwent similar surgery on her right shoulder in April 1983. She attempted to return to work on June 23, 1983, but abandoned her effort before completing a single shift because of severe pain.

Plaintiff filed for disability insurance benefits on December 14, 1983, claiming disability commencing December 11, 1982. Her application was denied both initially and on reconsideration. Plaintiff requested a hearing and on July 23, 1984 she appeared with counsel before Administrative Law Judge Don Edgar Burris.

Based on the testimony and exhibits presented at the hearing, the ALJ found plaintiff suffers from the following medically determinable impairments: residuals of injury to both shoulders and surgery; acromioclavicular arthritis; and, chronic myofascial pain syndrome. In light of these physical impairments, the ALJ determined plaintiff is incapable of performing her past work as a nurse anesthetist. While the ALJ concluded that plaintiff's exertional limitations would allow certain types of sedentary work, he found that plaintiff's nonexertional impairments—primarily pain—preclude any form of gainful activity. Therefore, the ALJ approved plaintiff's disability claim.

Acting on its own motion, 42 U.S.C. § 405(b), the Appeals Council reviewed the ALJ's decision and reversed it. 20 C.F.R. §§ 404.969 and 404.979. The Appeals Council found plaintiff retains the residual functional capacity for at least sedentary work. The Appeals Council also found plaintiff's subjective complaints of pain were not supported by medical evidence. The Appeals Council's decision to deny plaintiff's disability claim became the final decision of the Secretary. 20 C.F.R. § 404.981.

Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g). Judicial review under Section 405(g) is limited to "final decisions" of the Secretary. Thus, the issue before this Court is whether substantial evidence exists in the record to support the Appeals Council's denial of benefits to plaintiff.

## STANDARD OF REVIEW

The Court's role in Social Security cases is limited by statute. On judicial review, the Secretary's determination that a claimant is not disabled will be upheld if such finding is supported by substantial evidence, 42 U.S.C. § 405(g), and the Secretary applied the proper legal standards. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir.1978). The "substantial evidence" standard requires more than a mere scintilla of evidence. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938). *See also Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984). While the reviewing Court may not substitute its findings for those of the Secretary, it may reject findings not supported by the record.

## DISCUSSION

To obtain disability benefits, a claimant must demonstrate that a medically determinable physical or mental impairment prevents her from engaging in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). Such impairment must result from abnormalities identifiable by medically acceptable clinical or laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be expected to result in death or

to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

■■■ Plaintiff bears the burden of establishing disability within the meaning of the Social Security Act. *Maounis v. Heckler*, 738 F.2d 1032 (9th Cir.1984). She raises a prima facie case of disability by showing her inability to perform former work. *Maounis*, 738 F.2d at 1034. Once a prima facie case is established, the evidentiary burden shifts to the Secretary. The Secretary must demonstrate that the plaintiff remains capable of engaging in other types of work existing in the national economy. *Id.*

■■■ In reviewing the denial of plaintiff's disability claim, the Court first considers plaintiff's ability to work an eight-hour shift at her former job. Her inability to do so is not disputed. Both the Appeals Council and the ALJ found plaintiff is unable to return to work as a nurse anesthetist. Thus, a prima facie case of disability has been presented. The Court must determine, therefore, whether the Secretary has made a sufficient showing that plaintiff is capable of other gainful employment.

■■■ To meet this burden, the Secretary must show there are jobs available that suit plaintiff's qualifications, age, and mental and physical capabilities. An initial step toward meeting this burden is proving plaintiff's present physical capacity for work, or residual functional capacity. In finding plaintiff retains the ability to perform sedentary work, 20 C.F.R. § 404.1567, the Appeals Council relied on the Medical-Vocational Guidelines (grids) found in 20 C.F.R. § 404, Appendix 2 to Subpart P. The grids, which deal only with exertional limitations, describe major functional and vocational patterns. The grids direct findings of "disabled" or "not disabled" based upon the strength requirements of various types of work, age, education and experience. The Secretary may rely on the grids in certain cases to show a Social Security claimant remains capable of gainful activity. *See Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

Where the grids fail to describe accurately a particular plaintiff's limitations, however, the Secretary may not rely on those guidelines alone to establish the availability of work for the plaintiff. *Bellamy v. Secretary of Health and Human Services*, 755 F.2d 1380, 1383 (9th Cir.1985); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984). The grids are not designed to resolve disability claims involving significant nonexertional limitations, such as severe pain. *See* 20 C.F.R. § 404, Appendix 2 to Subpart P, § 200.00(e).

At the hearing before the ALJ, plaintiff testified her major complaints were of constant, severe pain in her shoulders and arms. Thus, her alleged disability is based on a combination of nonexertional (pain) and exertional (residuals of injury and surgery to her shoulders, acromioclavicular arthritis) impairments. In this type of case, the grids only provide a framework for consideration of how much an individual's work capability is further diminished by the nonexertional limitations present.

■■■ The Appeals Council rejected plaintiff's complaints of chronic, disabling pain in summary fashion. Without making any specific findings as to how plaintiff's pain diminishes her capacity for gainful activity, the Appeals Council simply disregarded this nonexertional impairment. The Appeals Council concluded that the objective medical evidence in the record does not support the plaintiff's subjective testimony concerning the extent of her pain. In the Court's opinion, the Secretary erred in summarily rejecting the evidence of plaintiff's nonexertional limitation. It was error for the Secretary to use the grids to find plaintiff capable of sedentary work without then determining, with particularity, how plaintiff's pain diminishes her residual vocational ability.

The Ninth Circuit accepts the proposition that subjective complaints of pain are significant factors to be considered in determining whether disability exists. *See Mark v. Celebrezze*, 348 F.2d 289, 292 (9th Cir.1965); *Taylor v. Heckler*, 765 F.2d 872, 875–76 (9th Cir.1985). *See also Gentry v.*

*Schweiker,* 513 F.Supp. 1020 (D.Mont. 1981). Consideration of pain is relevant to a disability determination since pain by itself may be disabling. *Gentry,* 513 F.Supp. at 1023.

■ The Secretary can disregard a claimant's self-serving statements, such as allegations of pain, but only when these statements are unsupported by objective findings. *Maounis,* 738 F.2d at 1034, *citing, Coats v. Heckler,* 733 F.2d 1338, 1340 (9th Cir.1984). In discrediting plaintiff's subjective complaints of pain, the Appeals Council emphasized its belief the objective medical evidence does not support the severe level of pain identified by plaintiff. That objective evidence includes the fact plaintiff underwent surgery on both shoulders in 1983. It also includes observations of arthritic degeneration and limitation of motion in her shoulders. While the objective evidence appears to support the existence of some pain, even plaintiff's own physicians are uncertain about the source of the high degree of discomfort she experiences.

■ In the Court's opinion, subjective complaints of pain must be given serious consideration, even when not *fully* corroborated by objective medical evidence. *See,* e.g., *Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983) (emphasis added). Under current Ninth Circuit case law, all that is required is that there be medical evidence of a mental or physical impairment. *See,* e.g., *Maounis,* 738 F.2d 1032; *Coats,* 733 F.2d 1338. Once objective evidence establishes the impairment, the subjective evidence must be given serious consideration. It was at this point that the Appeals Council erred.

To require that the medical evidence fully supports the claimant's complaints of pain ignores the reality that each person is an individual, with different reactions to similar injuries or conditions. For example, different persons have markedly different tolerances of, or sensitivity to, pain. Even so, that does not make the level of pain suffered by the sensitive individual any less real or disabling. Ninth Circuit case law requires the Secretary to treat Social Security claimants as individuals, with varying reactions to physical trauma. *See,* e.g., *Gallant,* 753 F.2d 1450.

Ordinarily, the Court's consideration of a Social Security appeal is limited to determining whether substantial evidence supports the final decision of the Secretary. The Court, however, also is permitted to engage in "remand review." 42 U.S.C. § 405(g); *Park v. Harris,* 614 F.2d 83 (5th Cir.1980); *Murray v. Schweiker,* 555 F.Supp 573 (D.Mont.1982). Under remand review, the Court employs the relaxed standard of good cause. *Kemp v. Weinberger,* 522 F.2d 967 (9th Cir.1975).

In the instant case, the Court finds good cause to remand this matter to the Secretary pursuant to 42 U.S.C. § 405(g). The Court cannot conclude that substantial evidence supports the Appeals Council's determination plaintiff is not disabled because the Appeals Council failed to make specific findings on how plaintiff's pain diminishes her residual vocational ability. The Appeals Council has not identified any specific types of work which plaintiff remains capable of performing. Additionally, I cannot conclude that substantial evidence supports plaintiff's claim of disability given the present state of the record. It may well be that upon remand, the Secretary is unable to identify specific jobs suitable for plaintiff in light of her subjective complaints of pain. In that instance, the Court could then render a decision in plaintiff's favor. The Court wishes to make it unmistakably clear that in remanding this case for further consideration, it intimates no position whatsoever as to the ultimate merits of plaintiff's disability claim.

For the reasons stated above,

IT IS ORDERED that the above-entitled case is REMANDED to the Secretary of Health and Human Services with instructions to more fully develop the record to include specific findings on how plaintiff's pain diminishes, or does not diminish, her capacity to perform specific types of work. The Secretary shall then review plaintiff's

claim and take such action as deemed appropriate. Additionally, the Secretary may on remand do any or all of the things empowered by law to do.