47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank MALEK, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-35095.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1995.*
Decided Feb. 7, 1995.
As Amended March 8, 1995.
 
 Before: ALARCON and BRUNETTI, Circuit Judges, and KELLEHER,** Senior District Judge
 MEMORANDUM***
 The Secretary of Health and Human Services concluded that Frank Malek was not disabled within the meaning of the Social Security Act. Malek appealed to the district court. The district court granted summary judgment in favor of the Secretary, thereby affirming the Secretary's decision. Malek appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 I. Facts
 Frank Malek alleges disability due to a compound fracture of the tibia and fibula of his right leg. Such injury, which he sustained in a motor vehicle accident on April 21, 1990, was slow to heal. His leg required numerous surgical procedures and a bone graft procedure on December 18, 1990, to induce full union of the bone. Malek's recovery from the bone graft procedure was uneventful and he was advised by his treating physician, Dr. Bonacum, that he could return to his normal work activities on May 1, 1991.
 II. Standard of Review
 We review de novo the district court's grant of summary judgment. Miller v. Heckler, 770 F.2d 845 (9th Cir.1985). We will disturb the Secretary's decision denying benefits " 'only if it is not supported by substantial evidence or it is based on legal error.' " Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir.1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986)); see 42 U.S.C. Sec. 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).
 III. Discussion
 Malek claims that he is disabled due to functional limitations, pain, and excess pain. Malek has the burden of proving disability within the meaning of the Social Security Act. See Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir.1984). "Claimants are disabled if a medically determinable physical or mental impairment prevents them from engaging in substantial gainful activity" for a period of twelve months or more from the onset of injury. Perry v. Heckler, 722 F.2d 461, 464 (9th Cir.1983); 42 U.S.C. Sec. 423(d)(1)(A). "The claimant establishes a prima facie case of disability by showing that his impairment prevents him from performing his previous occupation." Cotton v. Bowen, 799 F.2d 1403, 1405 (9th Cir.1986). "[A]fter a claimant establishes a prima facie case of disability ..., the burden shifts to the Secretary to prove that the claimant can engage in other types of substantial gainful work that exists in the national economy." Maounis, 738 F.2d at 1034 (italics deleted).
 Conceding that the evidence supported Malek's claim that he was unable to perform his former work, which was characterized as "heavy" work, the Administrative Law Judge (ALJ) concluded that Malek was not disabled because he could engage in light and sedentary forms of substantial gainful employment.
 A. Listed Impairments
 If a claimant's impairment meets the twelve-month duration requirement and is a listed impairment or is equal to a listed impairment, see 20 C.F.R.Pt. 404, Subpt.P, App. 1, 1.11 (1994), (Appendix 1), disability is conclusively established. A claimant's impairment does not meet or equal an impairment listed in Appendix 1 solely because it has the diagnosis of a listed impairment; it must also have the specific findings associated with this impairment. Marcia v. Sullivan, 900 F.2d at 175.
 "The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.1984) (citations omitted). Where the evidence supports more than one rational interpretation, we must accept the ALJ's conclusion. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971).
 The ALJ found that Malek suffered from a severe orthopedic impairment, but the severity was not sufficient to meet the requirements of the listings. The ALJ concluded that Malek could resume normal weight bearing on his leg prior to the expiration of the twelve-month period. The ALJ also concluded that Malek could perform light or sedentary types of work shortly after March 26, 1991, the date of his last visit to Dr. Bonacum. The ALJ reasoned that if Malek was released to perform his heavy work activities on May 1, 1991, he could have performed more sedentary work activities one month prior to that date. The ALJ also noted that Dr. Bonacum responded to an inquiry regarding Malek's functional limitations by stating, "if [Malek] was qualified as an attorney, he could have returned to work soon after his injury." From this statement, the ALJ inferred that Malek was capable of performing at least sedentary work activities.
 We have previously held that the Secretary is entitled to draw "inferences logically flowing from the evidence" and, where medical evidence is inconclusive, " 'questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.' " Sample v. Scheweiker, 694 F.2d 639, 642 (1982) (quoting Waters v. Gardner, 452 F.2d 855, 858 n. 7 (9th Cir.1971).
 The ALJ gave proper consideration to Malek's contention that his impairment met one of the listed impairments and found that it did not. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that Malek's impairment is not of sufficient severity to meet or equal a listed impairment.
 B. Pain as Disability
 Malek further claims that he is disabled due to severe pain in his leg upon weightbearing. We have previously held that where "medical evidence establishes an objective basis for some degree of pain and related symptoms, ... the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989), and supported by specific findings." Dodrill v. Shalala, 12 F.3d 915, 918 (1993) (citing Varney v. Secretary, 846 F.2d 581, 584 (9th Cir.1988). The ALJ may not "discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341,346-67 (9th Cir.1991).
 The ALJ met that burden here. First, the ALJ found that Malek's complaints of pain at the administrative hearing[1] were inconsistent with his report of mild pain, and only upon significant exertion, in March 1991. Second, the ALJ found Malek's assertion that he was unable to engage in even sedentary work after March 26, 1991 and prior to his release to heavy work activities on May 1, 1991, inconsistent with Dr. Bonacum's report that Malek could return to work as an attorney, if qualified, i.e., sedentary work, soon after the bone graft procedure. Finally, the ALJ noted that Malek was taken off pain medications prior to March 26, 1991. Malek did not make further requests for pain medication, nor did he make any further visits to see Dr. Bonacum after March 26, 1991, when he was told that he only needed to return on an "as needed" basis.
 "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." Fair v. Bowen, 885 F.2d 597, 604, n. 5 (9th Cir.1989). Because the ALJ gave appropriate consideration to Malek's complaints of disabling pain and found such complaints to be incredible, we conclude that substantial evidence supports the ALJ's conclusion that Malek is not prevented by pain from performing light and sedentary forms of substantial gainful employment.
 C. Application of the Grids
 Finally, Malek challenges the ALJ's use of the Medical-Vocational Guidelines ("Grids") rather than relying on the testimony of a vocational expert. "In determining whether a disabled claimant can do substantial gainful work, the ALJ may apply the Secretary's medical-vocational guidelines (the grids) in lieu of taking the testimony of a vocational expert, provided the grids accurately describe the claimant's abilities and limitations." Fife v. Heckler, 767 F.2d 1427, 1430 (9th Cir.1985).
 The use of the grids is not always proper. If a claimant has nonexertional limitations that significantly limit his or her range of work, the use of the grids in determining disability is inappropriate. Bates v. Sullivan, 894 F.2d 1059 (9th Cir.1990). However, the use of the grids in determining disability is appropriate when both exertional and nonexertional limitations are alleged if the ALJ finds "the claimant's nonexertional limitations do not significantly affect his exertional capabilities." Id. (citations omitted).
 The ALJ disbelieved Malek's excessive pain testimony. Because Malek suffered from no other nonexertional limitations, the use of the grids was proper. In addition, we agree with the ALJ's conclusion that Malek was not prevented by his age, education, vocational background, or maximum sustained work capacity from performing light and sedentary forms of substantial gainful employment.
 D. Attorney's Fees
 Malek requests attorney fees on appeal pursuant to the Equal Access to Justice Act. Because he has not prevailed, we deny the request. See 28 U.S.C. Sec. 2412(b).
 
 
 1
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Kelleher, Senior United States District Judge, for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At the hearing, Malek testified that after the bone graft surgery in December 1990, he woke up each morning with stiffness and pain. This pain continued through May 1, 1991, and caused limitations in the use of his leg including an inability to bend the leg or stand on it with full weight bearing for any more than fifteen minutes without pain. When asked to describe this pain, he characterized it as an agitating pain that would sometimes throb all the way to his thigh