67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick A. WEAVER, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security Defendant-Appellee.
 No. 94-35325.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Sept. 27, 1995.
 
 1
 Before: SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Patrick A. Weaver appeals the district court's affirmance in part of the decision of the Secretary of Health and Human Services denying Weaver's application for Disability Insurance and Supplemental Security Income (SSI) pursuant to 42 U.S.C. Sec. 405(g). The district court affirmed the Secretary's determination that Weaver was not disabled after November 9, 1989, and remanded to the ALJ for a determination as to whether Weaver was disabled as of October 15, 1986. We reverse and remand for an award of benefits.
 
 DISCUSSION
 
 4
 1. Opinions of treating physicians are to be given more weight than those of nontreating physicians because a treating physician is "employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (quoting Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987)). Similarly, greater weight is to be given to an examining physician's opinion than to a nonexamining physician's. See Pitzer v. Sullivan, 908 F.2d 502, 506 n. 4 (9th Cir.1990). The ALJ may reject a treating physician's opinion, but only under certain circumstances. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995).
 
 
 5
 Although the treating and examining doctors' conclusions described varied levels of limitation in Weaver's ability to accept instruction and get along with other people, they all (except Dr. Moser) reached a single conclusion: it is highly unlikely that Weaver could maintain any job in the economy for more than a brief period. For example, each of them indicated that Weaver had a "substantial loss of ability" to meet at least one of the basic work related activity requirements. The result of that, each was told, was that Weaver's potential occupational base was severely limited and that in turn would "justify" a finding of disability. That statement to the doctors was based upon Social Security Ruling 85-15, an interpretation to which we give deference. See Bunnell v. Sullivan, 947 F.2d 341, 346 n. 3 (9th Cir.1991) (en banc). The only evidence in the record suggesting that Weaver was not disabled was that of Dr. Moser--a nontreating, nonexamining psychologist--and of Van Houten, who based his conclusions on the medical opinion of Dr. Moser. Dr. Moser did not conduct any independent clinical testing; she instead reviewed the exhibits submitted to the ALJ. Because her contradictory opinion that Weaver was not disabled was not based on independent clinical findings, the ALJ was required--as a matter of law--to give "specific, legitimate reasons ... based on substantial evidence in the record" for his disregard of the treating and examining physicians' opinions in favor of Dr. Moser's. Andrews, 53 F.3d at 1041. The ALJ failed to do so. The ALJ appeared to simply ignore the medical opinions of the treating and examining physicians and to base his decision only on Dr. Moser's opinion. He gave no reason for doing so; he simply did it. That is a legal error. See Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir.1994); cf. Andrews, 53 F.3d at 1042-43. The Appeals Council similarly erred by adopting the findings of Dr. Moser without giving any reason why her opinion should be given more weight than those of Drs. Cohn and Freedman, both of whom were treating physicians. See Ramirez v. Shalala, 8 F.3d 1449, 1453-54 (9th Cir.1993).
 
 
 6
 The Appeals Council also improperly discounted the vocational report prepared by Bruce McLean. It did so because "it is based upon estimates of restricted functional capacity which are not consistent with what the medical record shows you are actually able to do." However, as we have already said, the Appeals Council did not give an adequate reason for believing that Dr. Moser's opinion, as opposed to that of all the other experts, accurately reflected Weaver's mental residual functional capacity.[1]
 
 
 7
 2. Weaver argues that the Secretary failed to consider both his testimony regarding his subjective complaints and an affidavit submitted by his wife to the Appeals Council. As to Weaver's testimony, he does not specifically state what testimony the ALJ rejected without reason. Indeed, the ALJ appeared to accept all that Weaver testified to at the hearing and incorporated it into his decision. He does not state anywhere in the decision that he found Weaver to be incredible.
 
 
 8
 As to the affidavit submitted by Mrs. Weaver to the Appeals Council, it was a document that contradicted virtually all of Weaver's testimony at the hearing, not to mention the conclusions of most of the examining and treating doctors, apparently in an attempt to paint a darker picture of Weaver's drinking habits and his capacity for helping out around the house and with child care. See Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir.1984); cf. Sprague, 812 F.2d at 1232. Under the circumstances, the Appeals Council was not required to accept it.
 
 
 9
 3. Because this case presents us with a full record of virtually unanimous medical testimony which clearly demonstrates that Weaver is disabled, we need not remand for further proceedings. Instead, we exercise our discretion to order an award of benefits. See Erickson v. Shalala, 9 F.3d 813, 819 (9th Cir.1993); see also Penny v. Sullivan, 2 F.3d 953, 959 (9th Cir.1993).
 
 
 10
 REVERSED and REMANDED to the district court, with directions to enter judgment for Weaver.
 
 
 
 *
 Pursuant to P.L. NO. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with Sec. 106(d) of P.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security, should be substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, McLean's finding that a significant number of jobs that Weaver could perform did not exist in the national economy rested on more than merely the categories in which the treating physicians had called Weaver "markedly" limited. McLean pointed out that, in his opinion, the combination of Weaver's "moderate" and "marked" limitations made him unfit for any kind of work except in a sheltered workshop environment